## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| M.K-N., *et al*.,<br>            Plaintiffs,<br><br>      v.<br><br>DISTRICT OF COLUMBIA,<br>            Defendant. |

Civil Action No. 12-cv-1123 (ABJ-AK)

## MEMORANDUM OPINION

Minor student M.K-N. and her parents, Kristy Kennedy and Virginia Noce ("Parents") (collectively, "Plaintiffs"), appealed the Hearing Officer Determination under the Individuals with Disabilities Education Act (IDEA). The Plaintiffs alleged that the District of Columbia Public Schools ("DCPS") denied M.K-N. a free and appropriate public education ("FAPE") and sought funding for M.K-N.'s private placement at the Lab School of Washington ("Lab School"). The Hearing Officer found that DCPS committed a procedural violation that constituted a denial of FAPE and awarded the Plaintiffs partial tuition reimbursement.

The Plaintiffs filed a Complaint [1] appealing the Hearing Officer's decision. U.S. District Court Judge Amy Berman Jackson referred this case to the undersigned for full case management. Referral to Magistrate Judge [3]. The Plaintiffs filed a Motion for Summary Judgment [16] and the District of Columbia ("Defendant") filed a Cross Motion for Summary Judgment [18]. Plaintiffs also filed a Motion for Leave to Submit Additional Evidence ("Pls.' Mot.") [22]. Also pending before the undersigned is the Defendant's Opposition to Plaintiffs' Motion for Leave to Submit Additional Evidence ("Def.'s Opp.") [23], and the Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Leave to Submit Additional Evidence ("Pls.' Reply") [24]. The Court grants the Plaintiffs' Motion in part and denies it in part.

## BACKGROUND

M.K-N. is a ten-year-old female student who is eligible for special education and related services based on a diagnosis of attention deficit hyperactivity disorder and disabilities in math,

written language, and reading. HOD, AR [12-1] at 6. M.K-N. resides in the District of Columbia and her Parents brought this suit on her behalf and in their own right. Complaint [1] at ¶ 4. She received special education services at Key Elementary School ("Key") until she transferred to the Lab School in early February 2012, following ongoing disagreement about her special education services and after what Hearing Officer Melanie Byrd Chisholm referred to as a "non-educational incident". HOD, AR [12-1] at 8. In the Plaintiffs' Motion, they asked the Court to admit evidence that they allege was wrongly excluded by the Hearing Officer and also evidence of an event that occurred subsequent to the due process hearing. Pls.' Mot. [22] at 4, 6.

The Plaintiffs seek to introduce Exhibits A and B regarding an incident at Key, which the Hearing Officer referred to as a "non-educational incident." HOD, AR [12-1] at 16. This incident occurred on January 11, 2012, when M.K-N. arrived at Key with a black eye and a Child Protective Services (CPS) investigation ensued. Pls.' Mot. [22] at 4-5. The evidence of the incident includes a letter from Kristy Kennedy to Principal David Landeryou, dated January 12, 2012, and an email from Kristy Kennedy to David Landeryou, dated January 19, 2012. Ex. A of Pls.' Mot. [22-1]. It also includes an email from Ms. Kennedy to the legal team, educational advocate, and Ms. Noce, dated January 12, 2012. Ex. B of Pls.' Mot. [22-2].

The Plaintiffs also seek to introduce Exihibit C, consisting of notes from a May 31, 2012, IEP Team meeting held pursuant to the HOD. Ex. C of Pls.' Mot. [22-3]. The notes include DCPS' statement that they could not modify M.K-N.'s IEP because she was not enrolled in a DCPS school. *Id.* at 2. The notes also state that "DCPS will convene an MDT meeting to review/revise the IEP should [M.K-N.] be enrolled, but at this time is not able to do so." *Id.*

## LEGAL STANDARD

Under the IDEA, "the court … shall hear additional evidence at the request of a party" in any action appealing the results of a due process hearing. 20 U.S.C. § 1415(i)(2)(C)(ii). A trial court bases its decision on a preponderance of the evidence,

> but the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation … might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing.

*Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984). The trial court has the discretion to determine what constitutes "additional" evidence under the IDEA and "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo.*" *Id.* at 791. *See also Springer v. Fairfax Cnty Sch. Bd.,* 134 F.3d 659, 667 (4th Cir. 1998) ("A lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial *de novo*'" (internal citation omitted). Furthermore, additional evidence should not be introduced in the trial court "to patch up holes in [a party's] administrative case," *Springer*, 134 F.3d at 667, since that would result in administrative proceedings "no longer receiv[ing] the weight that they are due." *Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009).

## DISCUSSION

Plaintiffs seek to introduce additional evidence pursuant to the IDEA. The Court grants the Plaintiffs' Motion as to Exhibits A and B and denies Plaintiffs' Motion as to Exhibit C.

### I. Evidence Related to the Incident at Key

Plaintiffs argued that the Hearing Officer improperly excluded evidence related to the incident at Key in January 2012 because she relied on the incident in part when reaching her decision. While the Hearing Officer stated that the incident was not relevant "in and of itself," AR [13-1] at 192, she made numerous references to the "non-educational incident" during both the administrative hearing and her determination. *See* HOD, AR [12-1] at 8 ("[a] non-educational incident caused the parents to 'lose faith' in [Key] and because of this incident, the parents felt they had to remove the student from [Key]") and at 16 ("while [the parent] was concerned about her daughter's progress, it was not until after a non-educational incident occurred that she decided to remove her child from the school"); Transcript, AR [13-1] at 193-96 (establishing that the incident was not related to the provision of special education services; acknowledging the Plaintiffs' interest in using evidence of the incident to describe their relationship with and loss of faith in Key).

The IDEA provides that a party may submit additional evidence in an action appealing the results of a due process hearing. 20 U.S.C. § 1415(i)(2)(C)(ii). Courts have determined that "additional" evidence must be supplementary and should not be admitted for the purpose of

repeating or embellishing prior administrative hearing testimony. *See*, *e.g.*, *Burlington*, 736 F.2d at 790. Parties may supplement the record with additional evidence for various reasons, such as when evidence has been improperly excluded by an administrative agency. *See id.*

The Court finds that the evidence is non-duplicative information that is relevant to a fact that the Hearing Officer considered when making her determination and therefore should be admitted. The Plaintiffs should have been afforded the opportunity to present evidence relating to an incident that the Hearing Officer considered when she made a determination. Such evidence would have ensured that the Hearing Officer conducted a thorough analysis of the incident to determine its impact or not prior to including it as a relevant fact in the HOD. Furthermore, the evidence at issue was not previously admitted in the administrative hearing and accordingly meets the IDEA criteria for introducing additional, non-duplicative evidence to the reviewing court. Therefore, the Court grants the Plaintiffs' Motion and will consider Exhibits A and B as additional evidence in the HOD appeal.

## II.    Evidence related to the IEP Team meeting ordered by the Hearing Officer

The Plaintiffs also seek to introduce evidence related to an IEP Team meeting held on May 31, 2012, pursuant to the HOD to demonstrate that DCPS' actions during the meeting constitute a continued violation of the IDEA. Although the IDEA includes a provision for introducing additional evidence concerning relevant events occurring subsequent to the administrative hearing, the Court's determination of which additional evidence to allow begins with a review of the administrative record. *See Burlington*, 736 F.2d at 790. While "judicial review under the IDEA does look backward to some extent" and may therefore warrant the review of evidence arising after the administrative hearing, "[j]udicial review of IEPs under the IDEA is largely prospective." *Schaffer,* 554 F.3d at 476-78. The court should accordingly examine the appropriateness of an IEP at the time of its creation and should consider a review of post-hearing evidence sparingly. *See id.* at 476. Introduction of post-hearing evidence undercuts the prospective nature of judicial review and "would simply not be fair to school districts, whose decisions would be judged in hindsight" based on an assessment of a student's needs at a later time. *Id.*

The Plaintiffs ultimately seek to address the issue of DCPS' compliance with the Hearing Officer's order and the outcome of a post-HOD IEP Team meeting, which extends beyond the scope of this Court's review of the HOD. Furthermore, the Plaintiffs have challenged

the aforementioned issues through the appropriate channels, having filed a due process complaint to address DCPS' actions.[1] At issue in this Court's review of the HOD is whether Hearing Officer Chisholm's May 14, 2012, decision was appropriate. The evidence that the Plaintiffs seek to introduce offers no supplementary information to assist with that determination. Therefore, the Court denies the Plaintiffs' Motion and will not consider Exhibit C as additional evidence in the HOD appeal.

## **CONCLUSION**

The Court grants in part the Plaintiffs' Motion for Leave to Submit Additional Evidence and denies in part the Plaintiffs' Motion. Accordingly, the Court will consider Exhibit A [22-1] and Exhibit B [22-2] of their Motion but declines to consider Exhibit C [22-3] when considering Plaintiffs' Motion for Summary Judgment [16] and Defendant's Cross Motion for Summary Judgment [18].

DATE:___7/5/2013_____                                             /s/                                   

                                                                        ALAN KAY

                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs filed a Due Process Complaint on March 5, 2013, to address the May 31, 2012, IEP meeting. *See* Ex. 5 to Def.'s Opp. [23-3] at 1-2. In the May 8, 2013, HOD addressing issues related to the May 31, 2012, IEP Team meeting, Hearing Officer Peter Vaden denied the Parents' request for relief and found that "DCPS violated the IDEA by failing to give prior written notice, after declining to make modifications to Student's IEP at the May 31, 2012 IEP meeting, and by failing to conduct an annual review of Student's IEP in October 2012" and that the "omissions by DCPS were procedural violations of the IDEA which did not effect [sic] Student's ability to receive a FAPE." *See id.* at 16.